MELVILLE WILLIAMS & W. H. TIMMONS, Guardians, *vs.* ENSLEY WILLIAMS & others.

### October Term, 1873.

WILL—CONSTRUCTION—CODE, §§ 2008, 2009.—A devise of land to the testator's grandson during life, and then to the heirs of his body by a legal marriage, and, in the event of his death without such heirs, to the testator's residuary legatee, gives the grandson an estate for life with a contingent remainder in fee, under the Code, § 2008, to such persons as, at his death, might answer the description of heirs of his body, and, if he left no heirs of his body then living, in fee, by way of executory devise, under the Code, § 2009, to the residuary legatee, and a conveyance by the residuary legatee of this interest to the grandson would vest the latter with the fee subject to the contingent remainder in fee to the heirs of his body living at his death.

SALE OF PROPERTY OF PERSONS UNDER DISABILITY.—Property thus held may be sold, under the provisions of the Code, by decree of this court, upon proper application, if manifestly for the interest of the infant heirs of the body of the grandson living at the time, the grandson being a party and consenting; and such sale is manifestly for their interest where they are entirely dependent upon the income of the father for their support, maintenance, and education, and the income of the property is scarcely sufficient to pay taxes and repairs, and the father has no means to improve the property.

*A. G. Merritt,* for complainants.

THE CHANCELLOR :—The bill in this case as amended is filed by Melville Williams, and W. H. Timmons, special guardian of the infant children of Melville Williams, against those children, to procure a decree for the sale of certain

real estate under the provisions of the Code authorizing this court to sell the property of persons under disability. Code, § 3323, *et seq.*

The property sought to be sold is held under the will of Enoch Ensley, Sr., the grandfather of the complainant Williams, of which the following clause only need be quoted: "I will and devise to my grandson Melville Williams during his life, and then to the heirs of his body by a legal marriage, and in the event of his death without such heirs then to my residuary legatee and his heirs, fifty thousand dollars worth of property, to be selected and valued out of my estate by three respectable and disinterested citizens to be appointed by the chairman or judge of the county court of this county and approved by Enoch Ensley, Jr.," etc. Enoch Ensley, Jr., was the only son and residuary legatee of Enoch Ensley, Sr. The property, consisting of realty in Davidson county, lying partly in the country and partly in and adjacent to the city of Nashville, was selected and valued as directed by the will, and Enoch Ensley, Jr., released and conveyed to complainant Melville Williams the contingent interest given to him as residuary legatee under his father's will by the clause of the will above quoted.

The bill alleges, and the proof shows that the complainant Melville Williams is a young man about twenty-six years of age, married for three or four years, the infant defendants being the issue of the marriage and quite young. The bill also alleges, and the proof shows, that he has little or no means except the property received under the devise in question; that this property is in part wholly unimproved, and that the improvements on other parts are old and dilapidated, so that the income from the whole property scarcely exceeds the taxes, insurance, and repairs; that he resides with his family in Maury county on a farm, and has no means of making a support for himself and family except by farming; and that his children have no property except their contingent interest in remainder in the realty in question. Under these circumstances, neither Williams nor his children

having the means of improving the property, and the income derived therefrom being limited and precarious, the bill alleges that it is manifestly for the interest of the infant defendants, and any other heirs of his body which the said Williams may have, that the property, or the greater part thereof, should be sold and reinvested in some more profitable form. The grandfather of the infant defendants by their mother's side, and other of their near relations and friends, concur in the opinion, grounded upon the foregoing facts, that it is manifestly for the interest of said defendants that the sale asked should be made.

A similar bill to the one now before the court, seems to have been filed in one of the chancery courts at Memphis, which, however, was, upon appeal to the supreme court at Jackson, dismissed by that court upon the ground that the court at Memphis had no jurisdiction either of the persons of the parties interested, they residing in Maury and not Shelby county, or of the subject-matter of the litigation, the property lying in Davidson county. But the learned judge who delivers the opinion of the supreme court in that cause, proceeds to discuss the title of the litigants under the will of Enoch Ensley, Sr., and the conveyance of Enoch Ensley, Jr. His conclusions, although mere dicta upon the common law rule that the decision of a case is only authority for the point actually adjudged, may, nevertheless be held by the supreme court as conclusive upon this point. The conclusions, moreover, seem to me to be sound, and may be thus stated.

By the Code, § 2008, it is provided: "When a remainder is limited to the heirs, or to the heirs of the body, of a person to whom a life estate in the same premises is given, the persons who, on the termination of the life estate, are heirs or heirs of the body of such tenant, shall take as purchasers by virtue of the remainder so limited to them." The effect of this statutory provision was to do away with the rule in *Shelly's case*, and to make that a good contingent remainder to heirs or heirs of the body, which before would have only

enlarged the life estate of the parent into a fee. The result on the particular devise is to limit the complainant Williams' interest in the property devised to a life estate, with a contingent remainder in fee to those persons who, at his death, will answer the description of heirs of his body, whether born now, or to be born hereafter.

The devise over to the testator's residuary legatee, upon Melville Williams dying without heirs of his body, would at common law be too remote, being upon an indefinite failure of such heirs. The Code, however, § 2009, changes this rule also. "Every contingent limitation, in any deed or will, made to depend upon the dying of any person without * * heirs of the body, * * shall be made a limitation to take effect when such person dies without heirs * * living at the time of his death or born to him within ten months thereafter; unless the intention of such limitation be otherwise expressly or plainly declared on the face of the deed or will creating it." No such intention being otherwise declared in this will, it is clear the devise over to EnochEnsley, Jr., would be good, if Williams left no heirs of his body living at his death. But the record shows that Enoch Ensley, Jr., has conveyed to Melville Williams the contingent interest thus devised to him. The effect of this conveyance is to vest the fee in Williams, subject to a contingent remainder in fee in the heirs of his body living at his death.

Under these circumstances, two questions arise upon the record, one of law, the other of fact. The first is, whether a court of chancery has the power to sell property for investment held by a father in fee subject to a contingent executory devise in fee to the heirs of his body, when the heirs of the body existing at the time are before the court, and it is shown to be manifestly for the interest of the heirs of the body *in esse* that the sale and reinvestment should be made. The second question is whether it is shown to be manifestly for the interest of such heirs of the body.

Jurisdiction, as a general rule, certain well known proceedings *in rem* being exceptional, depends upon control of

the subject-matter, and jurisdiction of the person of the parties interested. One or both may be sufficient by common law or statute. The chancery court at Memphis, in the case already mentioned, had jurisdiction neither of one nor the other. This court has jurisdiction of the property, for it lies in Davidson county. It has jurisdiction of the property, notwithstanding the title under which the parties hold, by the express statutory provision of the Code, § 3327 : "The jurisdiction may be exercised as to any kind of property, and whether the interest or estate of the party under disabilty, or any of the parties litigant, is in possession, reversion or remainder, or subject to any limitation, restriction, or contingency whatever." Language could not possibly be broader, and the right to dispose of the property, so far at any rate as the parties before the court are concerned, must be conceded to be beyond doubt.

But the question occurs whether the court can act upon the entire estate in a case where, it is obvious, that persons not in being may eventually take the property by the contingent executory devise under which the parties before the court claim the same contingent interest. Here again the statute seems intended to make express provision. The Code, § 3337, is : "Property so limited that persons not in being may have an estate or interest therein, may also be sold under the provisions of this chapter, if all those interested then in being are before the court, and it is satisfactorily shown to be necessary, or manifestly for the interest of such persons then in being, having a common interest with those who may come into being." The living heirs of the body of Melville Williams have undoubtedly "a common interest" with any heirs hereafter to be born in the contingent "estate" in question. The object of the legislature was manifestly not to allow the uncertainty of eventual ownership to prevent the court from providing for the necessities of persons in being standing in the same relation as those who might come into being, and having a common interest with them.

The same question came before me at this term in the case of *Gray* v. *Gray* upon demurrer to the petition, and was fully considered in a written opinion to which I now refer. I came to the conclusion in that case, as I do in this case, that § 3337 was intended to confer the necessary jurisdiction upon this court to dispose of the entire inheritance, when all persons in being were before the court, including persons having a " common interest" with other persons who might afterwards come into being. I also undertook to show that this statutory provision was no violent innovation on the common law, but rather a re-enactment of what had always been the settled doctrine of the court of chancery. That court, from the earliest periods, had never hesitated to interfere with the inheritance, to the extent of its acknowledged powers, wherever it had before it all persons then in being having title, even if only the tenant for life. This was done in suits to foreclose a mortgage, settle the terms of a trust or executory settlement, to have partition of land; and, in fine, to all cases involving the whole estate, citing authorities. My conclusion in that case and in this is that the court of chancery has the inherent power to sell the whole estate in realty, when it has jurisdiction of the subject-matter, and of the persons in being having a common interest with those who may come into being. And, if this point were doubtful, that the power has been expressly conferred by the statutory provisions quoted.

The question of fact, whether it is manifestly for the interest of infants entitled to an estate in remainder, to sell the entire estate may often present grave difficulties. It may frequently be to the interest of the tenant for life, to sell with a view to a more profitable investment, while such a course may not appear so advisable for the remainderman. It is the duty of the tenant to keep down taxes and charges, and whatever may be his profit or loss it might be safer and better for the remainderman to let the property alone. This was my difficulty in the Gray case, until the tenant for life offered to release his life estate to those in remainder. But

in this case, where it is obvious that the support, maintenance, and education of the infant children are entirely dependent upon the income of the father, it seems to me there can be no difficulty in holding that what is for the interest of the one, is for the interest of the other. It is manifestly for the interest of the children that they should be well maintained, clothed and educated, and this cannot be done, according to the proof unless the property is sold, and the funds more profitably invested. This is equally true as to children who may be hereafter born, as to those already in being. I have no hesitation, therefore, in ordering a sale of the greater part of the land in question. There is one lot on a business street in Nashville, which produces an income in its present condition, and may be made to rent for largely more by judicious improvements, about which I feel sufficient hesitation not to include it in the order of sale at present. Such property in a growing city, is not easily bought, and it may be to the interest of the infants to retain it. Parties will be left at liberty to take further proof on the subject of this lot if they see proper. Any other portions of the property may also be reserved at the option of the complainants.

NOTE.—The decree in this case was, upon appeal, affirmed by the supreme court.